# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AURELIO V. VELAZQUEZ; and CLEOTILDE C. VELAZQUEZ,<br><br>Plaintiff,<br><br>vs.<br><br>FCI LENDERS SERVICES, INC.; DLS SERVICE COMPANY; DOWNEY SAVINGS AND LOAN ASSOCIATION,<br><br>Defendants. | CASE NO. 09cv0840 JM(JMA)<br><br>ORDER GRANTING MOTION TO DISMISS |

Defendants U.S. Bank National Association, Successor in Interest to the Federal Deposit Insurance Corporation as Receiver for Downey Savings and Loan Association, F.A. ("U.S. Bank"), DSL Service Company ("DSL") and FCI Lender Services, Inc. ("FCI") move to dismiss all claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff has not responded to the motion. Pursuant to Local Rule 7.1(d)(1), this matter is appropriate for decision without oral argument. For the reasons set forth below, the court grants the motion to dismiss all claims.

**BACKGROUND**

On or about March 19, 2009 Plaintiffs commenced this action in the Superior Court of California, County of San Diego alleging nine claims for intentional misrepresentation, negligent misrepresentation, breach of fiduciary duty, unfair debt collection practices, predatory lending practices, quiet title, declaratory relief, injunctive relief, and accounting. On April 22, 2009, Defendants removed the action based upon federal question jurisdiction.

Plaintiffs claims arise out of a purchase money mortgage transaction on their primary residence. (Compl. ¶6). Downey, the original lender, received a note in the amount of $258,000. The note, secured by a Deed of Trust, was recorded on February 17, 2005. DSL Service Company was the original Trustee under the Deed of Trust, and defendant FCI Lender Services, Inc. Is a Debt Collector attempting to collect a debt. (Compl. ¶¶ 7-8). Plaintiffs allege that they received a Notice of Default on February 6, 2009. The Notice of Default indicated an outstanding balance of $19,756.90 as of February 3, 2009.

Plaintiffs generally allege that Defendants are not entitled to foreclose on the Trust Deed because they are not a "holder" of the note or a non-holder in possession of the Note executed by Plaintiffs. (Compl. ¶16). Plaintiffs also generally allege that "Defendants do not have the right to direct Trustee to foreclose on the Trust Deed and sell the Subject Property owned by Plaintiffs." (Compl. ¶17). Defendants move to dismiss all claims alleged in the complaint.

## DISCUSSION

**Legal Standards**

Federal Rule of Civil Procedure 12(b)(6) dismissal is proper only in "extraordinary" cases. United States v. Redwood City, 640 F.2d 963, 966 (9th Cir. 1981). Courts should grant 12(b)(6) relief only where a plaintiff's complaint lacks a "cognizable legal theory" or sufficient facts to support a cognizable legal theory. Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990). Courts should dismiss a complaint for failure to state a claim when the factual allegations are insufficient "to raise a right to relief above the speculative level." Bell Atlantic Corp v. Twombly, __550 U.S. __, 127 S.Ct. 1955 (2007) (the complaint's allegations must "plausibly suggest[]" that the pleader is entitled to relief). The defect must appear on the face of the complaint itself. Thus, courts may not consider extraneous material in testing its legal adequacy. Levine v. Diamanthuset, Inc., 950 F.2d 1478, 1482 (9th Cir. 1991). The courts may, however, consider material properly submitted as part of the complaint. Hal Roach Studios, Inc. v. Richard Feiner and Co., 896 F.2d 1542, 1555 n.19 (9th Cir. 1989).

Finally, courts must construe the complaint in the light most favorable to the plaintiff. Concha v. London, 62 F.3d 1493, 1500 (9th Cir. 1995), cert. dismissed, 116 S. Ct. 1710 (1996). Accordingly,

1  courts must accept as true all material allegations in the complaint, as well as reasonable inferences
2  to be drawn from them. Holden v. Hagopian, 978 F.2d 1115, 1118 (9th Cir. 1992). However,
3  conclusory allegations of law and unwarranted inferences are insufficient to defeat a Rule 12(b)(6)
4  motion. In Re Syntex Corp. Sec. Litig., 95 F.3d 922, 926 (9th Cir. 1996).

**The Motion**

As an initial matter the court notes that Plaintiffs failure to respond to Defendants' motion is a tacit acknowledgment that they are unable to state a claim. Civil Local Rule 7.1(f)(3)(c) ("If an opposing party fails to file the papers in the matter required by Civil Local Rule 7.1(e)(2), that failure may constitute a consent to the granting of a motion or other request for ruling by the Court."); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995).

The Misrepresentation Claims

Rule 9(b) requires that misrepresentation claims be pled with particularity. Plaintiffs must plead with detail "the time, place, and manner of each act of fraud, plus the role of each defendant in each scheme." Lancaster Com. Hosp. v. Antelope Valley Hosp. Dist., 940 F.2d 397, 405 (9th Cir. 1991). Here, in the absence of any opposition and in light of the complaint's failure to set forth particularized allegations, the court grants the motion to dismiss the misrepresentation claims.

The Breach of Fiduciary Claim

Under California law, banks do not owe their borrowers a fiduciary duty. Price v. Wells Fargo Bank, 213 Cal.App.3d 465, 476 (1989). Accordingly, the court grants the motion to dismiss this claim.

The Fourth And Fifth Claims for Relief

Defendants move to dismiss the Rosenthal Fair Debt Collection Practices Act and the Predatory Lending claims. Not only do Plaintiffs fail to state a claim, but the Home Ownership and Equity Protection Act and Truth in Lending Act claims are time-barred. Consequently, in light of Plaintiff's non-opposition to the motion and failure to state a claim, the court grants the motion to dismiss these claims.

The Quiet Title Claim

Defendants move to dismiss this claim as there is no basis under which Plaintiffs, who have

1 not paid their mortgage for many months, are entitled to maintain a quiet title action without
2 discharging the debts encumbering the property.  Consequently, and in light of Plaintiffs failure to
3 oppose the dismissal of this claim, the court grants the motion to dismiss this claim.

4 The Injunctive and Declaratory Relief Claims and the Claim for Accounting

5 As Plaintiffs fail to state any claim for relief under any legal theory, the court grants the motion
6 to dismiss these claims.  As Plaintiffs do not oppose the dismissal of these claims, and based on the
7 complaint's failure to state any claim, the court dismisses these claims.

8 In sum, the court grants the motion to dismiss in its entirety and instructs the Clerk of Court
9 to close the file.

10 **IT IS SO ORDERED.**

11 DATED: June 16, 2009

12 _____
13 Hon. Jeffrey T. Miller
United States District Judge

14 cc:        All parties